UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| ROBERT BEAN, JESSICA BEAN, and MAGIC SPRAY CAR WASH, | ) ) ) | | |
| Plaintiffs, | ) ) ) | | |
| v. | ) ) | No.: | 3:04-CV-472 (VARLAN/GUYTON) |
| GREENE COUNTY BANK, AMERICAN FIDELITY BANK, COMMUNITY BANK OF LOUDON COUNTY, TIM CARROLL and PATRICIA L. TURNER, | ) ) ) ) ) | | |
| Defendants. | ) | | |

## MEMORANDUM AND ORDER

This civil action is before the Court on the plaintiffs' Motion for Partial Summary Judgment in which they request judgment as a matter of law "on the issue of liability as it relates to forged instruments." [Doc. 19 at p.1.] Plaintiffs' supporting memorandum, however, requests partial summary judgment "as to the issue of liability on fraud, forgery, and liable [sic] of title." [Doc. 20 at p. 3.] Plaintiffs argue that, because the defendants, through the testimony of employee Danny Crabtree, have admitted that a loan document granting the Greene County Bank a security interest in their residence was a forgery, the plaintiffs are entitled to summary judgment on that issue. Defendants Greene County Bank, American Fidelity Bank, Community Bank of Loudon County and Patricia L. Turner (collectively "defendants")[1] have responded in opposition to the pending motion [Doc. 21].

---

[1] Defendant Tim Carroll has not appeared or responded to the pending motion.

The Court has carefully considered the pending motion and the related pleadings in light of the entire record and controlling law. For the reasons set forth herein, the plaintiffs' motion for summary judgment will be **DENIED**.

I.    **Relevant Facts**

Plaintiffs Robert Bean, Jessica Bean (collectively "the Beans"), and Magic Spray Car Wash, Inc. filed this civil action on October 14, 2004, asserting claims under the Federal Consumer Credit Protection Act, 15 U.S.C. § 1601, *et seq.*, the Right to Financial Privacy Act, 12 U.S.C. § 3401, *et seq.*, the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-109, violation of notary bond, Tenn. Code Ann. §§ 8-16-104, 66-22-113, negligence, defamation, fraud, fraudulent misrepresentation, breach of contract, bad faith, fraudulent inducement, libel of title, and outrageous conduct. [Doc. 1 at ¶¶ 13-15.]

The parties agree that, on or about Mach 18, 2002, the plaintiffs signed a note held by the defendants for $700,000. The parties also agree that the Beans subsequently requested additional funds and the Bank requested additional collateral for the loan. At some later point, a deed of trust on the Beans' home was found in the Bank's file. Although the document purports to bear the Beans' signatures, they have denied signing it and executed affidavits asserting that the signatures were forgeries. The Bank then released the deed of trust. [Doc. 21 at pp. 1-2.]

II.   **Analysis**

Based on a fair reading of the pleadings, it appears that plaintiffs are seeking a judgment or declaration that the defendants have admitted they forged certain documents. Even assuming that the record establishes an admission of forgery by the defendants, a favorable ruling on plaintiffs'

2

motion would not conclusively establish the defendants' liability on the claims of fraud or libel of title inasmuch as those claims require proof of other elements. *See Black v. Black*, — S.W.3d —, 2005 WL 1538972, at *5 (Tenn. 2005) ("a common law cause of action for fraud has the following elements: [w]hen a party intentionally misrepresents a material fact or produces a false impression in order to mislead another or to obtain an undue advantage over him, there is a positive fraud. The representation must have been made with knowledge of its falsity and with a fraudulent intent. The representation must have been to an existing fact which is material and the plaintiff must have reasonably relied upon that misrepresentation to his injury."); *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 571 (Tenn.1999) ("To establish a *prima facie* case of defamation in Tennessee, the plaintiff must establish that: 1) a party published a statement; 2) with knowledge that the statement was false and defaming to the other; or 3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement.").

Plaintiffs' motion does not, therefore, seek summary judgment as to *a claim* as provided by Fed. R. Civ. P. 56(a).[2] Moreover, to the extent that plaintiffs seek summary judgment on the issue of forgery, plaintiffs' complaint does not asserted *a claim* of forgery, if such a cause of action exists. Plaintiffs' motion [Doc. 19] is therefore **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[2]Fed. R. Civ. P. 56(a) provides "[a] party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may ... move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."